**UNITED STATES OF AMERICA**
**MERIT SYSTEMS PROTECTION BOARD**

STEPHANIE THOMAS,

      Appellant,

    v.

DEPARTMENT OF THE NAVY,

      Agency.

DOCKET NUMBER
DC-0752-16-0482-X-1
DC-0752-16-0013-X-1

DATE: May 3, 2023

# THIS FINAL ORDER IS NONPRECEDENTIAL[1]

Edward H. Passman, Esquire, and Erik D. Snyder, Esquire, Washington,
    D.C., for the appellant.

Denise Gillis, Esquire, Evan Richard Gordon, Esquire, and Timothy R.
    Zelek, Esquire, Quantico, Virginia, for the agency.

**BEFORE**

Cathy A. Harris, Vice Chairman
Raymond A. Limon, Member
Tristan L. Leavitt, Member[2]

---

[1] A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law. Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions. In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law. *See* 5 C.F.R. § 1201.117(c).

[2] Member Leavitt's name is included in decisions on which the three-member Board completed the voting process prior to his March 1, 2023 departure.

**FINAL ORDER**

¶1    In March 23, 2018 compliance initial decisions, the administrative judge found the agency in partial noncompliance with the Board's September 26, 2017 final decisions reversing the appellant's removal and constructive suspension and ordering the agency to retroactively restore her with back pay and benefits and to grant her request for reasonable accommodation. *Thomas v. Department of the Navy*, MSPB Docket No. DC-0752-16-0482-C-1, Compliance File, Tab 10, Compliance Initial Decision (CID); *Thomas v. Department of the Navy*, MSPB Docket No. DC-0752-16-0013-C-1, Compliance File, Tab 16, Compliance Initial Decision (CID).[3]    For the reasons discussed below, we find the agency in compliance and DISMISS the petitions for enforcement.

**DISCUSSION OF ARGUMENTS AND EVIDENCE ON COMPLIANCE**

¶2    In the compliance initial decisions, the administrative judge found the agency in partial noncompliance with the Board's final decisions in the underlying appeals to the extent that it had failed to provide the appellant with dental benefits, the step increases that she would have received had she not been removed, and either an adequate workspace or the opportunity to telework full-time. CID at 4. Accordingly, the administrative judge granted the appellant's petitions for enforcement and ordered the agency to: (1) enter into a telework agreement with the appellant allowing her to telework full-time until a workspace approved by the appellant's physician or medical provider at Marine Base Quantico was made available; (2) provide the appellant with a working

---

[3] The appellant filed separate appeals of her removal, MSPB Docket No. DC-0752-16-0482-I-2, and constructive suspension, MSPB Docket No. DC-0752-16-0013-B-2. Although the administrative judge did not join the appeals for processing, he issued identical initial decisions under both docket numbers and, upon the appellant's petitions for enforcement of the initial decisions, identical compliance initial decisions addressing the petitions for enforcement. As the compliance initial decisions in both appeal records are the same, citations herein to "CID" refer to both compliance initial decisions.

computer, printer, and scanner to be used for telework; and (3) provide the appellant with dental benefits and initiate any step increases that the appellant would have received had she not been removed or constructively suspended from her position.  CID at 5-6.

¶3    The administrative judge informed the agency that, if it decided to take the ordered actions, it must submit to the Clerk of the Board a narrative statement and evidence establishing compliance.  CID at 6.  The compliance initial decisions also informed the parties that they could file a petition for review if they disagreed with the compliance initial decisions.  CID at 7-8.  Neither party filed any submission with the Clerk of the Board within the time limit set forth in 5 C.F.R. § 1201.114.  Accordingly, pursuant to 5 C.F.R. § 1201.183(b)-(c), the administrative judge's findings of noncompliance have become final, and the appellant's petitions for enforcement have been referred to the Board for a final decision on the issues of compliance.  *Thomas v. Department of the Navy*, MSPB Docket No. DC-0752-16-0482-X-1, Compliance Referral File (0482 CRF), Tab 1; *Thomas v. Department of the Navy*, MSPB Docket No. DC-0752-16-0013-X-1, Compliance Referral File (0013 CRF), Tab 1.

¶4    On April 30, 2018, the Board issued acknowledgment orders in both appeals directing the agency to submit evidence showing that it had complied with all actions identified in the compliance initial decisions.  0482 CRF, Tab 1 at 3; 0013 CRF, Tab 1 at 3.  On May 15, 2018, the agency submitted three separate compliance submissions.  0482 CRF, Tabs 2-4.  In relevant part, these submissions reflected that the agency had permitted the appellant to telework since December 11, 2017, had issued her a laptop and Common Access Card, and was working to provide her a printer.  0482 CRF, Tab 2 at 6-7, 33-38, 45-49.  The agency also provided evidence showing that it retroactively processed the appellant's step increase from a GS 9, step 7, to a GS 9, step 8, on February 28, 2018, and stated that it had "corrected her pay to reflect this adjustment." 0482 CRF, Tab 3 at 7-8, 10-15.  However, the agency maintained that the

appellant had not cooperated with its efforts to restore her dental benefits. 0482 CRF, Tab 3 at 8-9, 16-30. The agency stated that, although it had directly contacted BENEFEDS[4] to provide the appellant's reemployment verification and necessary authorization for the appellant's dental benefits, the appellant also needed to contact BENEFEDS to be enrolled and/or to inform the agency of any specific documents needed to move forward with her enrollment. *Id.*

¶5 On June 4, 2018, the appellant responded to the agency's compliance submissions, asserting that the agency had not complied with all actions identified in the compliance initial decisions. 0482 CRF, Tab 5.[5] Specifically, the appellant stated that, although she had been permitted to telework, the agency had not provided her with the tools she needed to perform her duties remotely, as her government-issued laptop was unable to access the agency's network; her assigned phone number and voicemail had not been set up; and her government-issued printer had only been recently procured and was not yet in her possession. *Id.* at 8-9. The appellant also stated that, although she had contacted BENEFEDS to have her dental benefits restored, BENEFEDS informed her that it was still awaiting reinstatement information from the agency before it could process her enrollment. *Id.* The agency did not respond to the appellant's submission.

¶6 By orders dated April 11 and 12, 2022,[6] the Board ordered the agency to submit a response, via affidavit and documentary evidence, addressing its

---

[4] BENEFEDS is the enrollment and premium processing system for the Federal Employees Dental and Vision Insurance Program.

[5] The appellant submitted an identical response in MSPB Docket No. DC-0752-16-0013-X-1. 0013 CRF, Tab 2.

[6] The Board's April 11 and 12, 2022 orders are identical in text. The April 11, 2022 order was issued in *Thomas v. Department of the Navy*, MSPB Docket No. DC-0752-16-0013-X-1. 0013 CRF, Tab 3. The April 12, 2022 order was issued in *Thomas v. Department of the Navy*, MSPB Docket No. DC-0752-16-0482-X-1. 0482 CRF, Tab 7. For purposes of administrative efficiency, we now JOIN these two cases.

compliance with the administrative judge's orders to make final determinations as to whether it had finally: (1) provided the appellant with the necessary tools to perform her work duties in a telework environment, or alternatively, provided the appellant with a workspace approved by either her physician or a medical provider at Marine Base Quantico; and (2) provided the appellant with dental benefits. 0013 CRF, Tab 3; 0482 CRF, Tab 7. The April 11 and 12, 2022 Orders also notified the appellant that she may respond to any submission from the agency within 21 calendar days of the date of service of the agency's submission. 0013 CRF, Tab 3 at 5; 0482 CRF, Tab 7 at 5. The appellant was cautioned, however, that if she did not respond to the agency's submission regarding compliance within those 21 calendar days, the Board "may assume that the appellant is satisfied and dismiss the petition[s] for enforcement." *Id.*

¶7      The agency responded to the Board's orders on May 2, 2022. 0482 CRF, Tab 8.[7] The agency averred that it had provided the appellant "with all the necessary equipment to allow for 100% telework" and that "[she] was on 100% telework from 7 Dec 2017 . . . until she resigned from Federal service on 26 Nov 2019." *Id.* at 5, 9. It further averred that, though it had "provided the appellant with all the necessary documentation for [her] to timely obtain dental benefits," the appellant needed "to contact [BENEFEDS] directly to set up this insurance." *Id.* at 7-8. Evidence reflecting the agency's efforts to provide the appellant with the necessary telework equipment included copies of the parties' email communications, *id.* at 11-15, an equipment custody record, *id.* at 16-17, and an April 25, 2022 memorandum, signed by the Director of the Contracting Office for the Marine Corps Installations National Capital Region, *id.* at 9-10. Evidence reflecting the agency's efforts to provide the appellant with the documentation necessary for her to complete her dental insurance enrollment included copies of

---

[7] The agency submitted an identical response in MSPB Docket No. DC-0752-16-0013-X-1. 0013 CRF, Tab 5.

internal and external email communications, *id.* at 25-50, and a May 15, 2018 memorandum for the record, signed by a Human Resource Labor and Employee Relations Supervisor, *id.* at 24. The appellant did not respond to the agency's submission.

## ANALYSIS

¶8 When the Board finds a personnel action unwarranted or not sustainable, it orders that the appellant be placed, as nearly as possible, in the situation she would have been in had the wrongful personnel action not occurred. *House v. Department of the Army*, 98 M.S.P.R. 530, ¶ 9 (2005). The agency bears the burden to prove its compliance with a Board order. An agency's assertions of compliance must include a clear explanation of its compliance actions supported by documentary evidence. *Vaughan v. Department of Agriculture*, 116 M.S.P.R. 319, ¶ 5 (2011). The appellant may rebut the agency's evidence of compliance by making "specific, nonconclusory, and supported assertions of continued noncompliance." *Brown v. Office of Personnel Management*, 113 M.S.P.R. 325, ¶ 5 (2010).

¶9 Here, the agency has demonstrated that prior to the appellant's resignation from the Federal service, it entered into a full-time telework agreement with her, provided her with the necessary tools to perform her work duties in a telework environment, initiated her entitled step increases, and provided her with the documentation she needed to present to BENEFEDS[8] to complete her dental insurance enrollment. The appellant has not responded to the agency's

---

[8] According to the website of the Office of Personnel Management (OPM), "[Individuals] must use BENEFEDS to enroll or change enrollment in a FEDVIP plan. BENEFEDS is a secure enrollment website sponsored by OPM." *See* https://www.opm.gov/healthcare-insurance/dental-vision/enrollment (last visited May 3, 2023). While the agency provided the appellant with the opportunity to receive dental benefits, it was ultimately her responsibility to use BENEFEDS to complete her enrollment for these benefits, to include presenting BENEFEDS with copies of any necessary documentation provided to her by the agency.

compliance submission, despite being notified of her opportunity to do so and being cautioned that the Board may assume she is satisfied and dismiss her petitions for enforcement if she did not respond.  0013 CRF, Tab 3 at 5; 0482 CRF, Tab 7 at 5.  Accordingly, we assume that the appellant is satisfied with the agency's compliance.  *See Baumgartner v. Department of Housing and Urban Development*, 111 M.S.P.R. 86, ¶ 9 (2009).

¶10      In light of the foregoing, we find that the agency is now in compliance and dismiss the appellant's petitions for enforcement.  This is the final decision of the Merit Systems Protection Board in this compliance proceeding.  Title 5 of the Code of Federal Regulations, section 1201.183(c)(1) (5 C.F.R. § 1201.183(c)(1)).

## NOTICE OF APPEAL RIGHTS[9]

You may obtain review of this final decision.  5 U.S.C. § 7703(a)(1).  By statute, the nature of your claims determines the time limit for seeking such review and the appropriate forum with which to file.  5 U.S.C. § 7703(b).  Although we offer the following summary of available appeal rights, the Merit Systems Protection Board does not provide legal advice on which option is most appropriate for your situation and the rights described below do not represent a statement of how courts will rule regarding which cases fall within their jurisdiction.  If you wish to seek review of this final decision, you should immediately review the law applicable to your claims and carefully follow all filing time limits and requirements.  Failure to file within the applicable time limit may result in the dismissal of your case by your chosen forum.

Please read carefully each of the three main possible choices of review below to decide which one applies to your particular case.  If you have questions about whether a particular forum is the appropriate one to review your case, you should contact that forum for more information.

---

[9] Since the issuance of the initial decision in this matter, the Board may have updated the notice of review rights included in final decisions.  As indicated in the notice, the Board cannot advise which option is most appropriate in any matter.

**(1) Judicial review in general**.  As a general rule, an appellant seeking judicial review of a final Board order must file a petition for review with the U.S. Court of Appeals for the Federal Circuit, which must be received by the court within **60 calendar days** of the date of issuance of this decision.  5 U.S.C. § 7703(b)(1)(A).

If you submit a petition for review to the U.S. Court of Appeals for the Federal Circuit, you must submit your petition to the court at the following address:

U.S. Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, D.C.  20439

Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov.  Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, 10, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit.  The Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

**(2) Judicial or EEOC review of cases involving a claim of discrimination**.  This option applies to you only if you have claimed that you were affected by an action that is appealable to the Board and that such action was based, in whole or in part, on unlawful discrimination.  If so, you may obtain judicial review of this decision—including a disposition of your discrimination claims—by filing a civil action with an appropriate U.S. district court (*not* the U.S. Court of Appeals for the Federal Circuit), within **30 calendar days** after you

<u>receive</u> this decision.  5 U.S.C. § 7703(b)(2); *see Perry v. Merit Systems Protection Board*, 582 U.S. ____ , 137 S. Ct. 1975 (2017).  If you have a representative in this case, and your representative receives this decision before you do, then you must file with the district court no later than **30 calendar days** <u>after your representative</u> receives this decision.  If the action involves a claim of discrimination based on race, color, religion, sex, national origin, or a disabling condition, you may be entitled to representation by a court-appointed lawyer and to waiver of any requirement of prepayment of fees, costs, or other security.  *See* 42 U.S.C. § 2000e-5(f) and 29 U.S.C. § 794a.

Contact information for U.S. district courts can be found at their respective websites, which can be accessed through the link below:

http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.

Alternatively, you may request review by the Equal Employment Opportunity Commission (EEOC) of <u>your discrimination claims only, excluding all other issues</u>.  5 U.S.C. § 7702(b)(1).  You must file any such request with the EEOC's Office of Federal Operations within **30 calendar days** <u>after you receive</u> this decision.  5 U.S.C. § 7702(b)(1).  If you have a representative in this case, and your representative receives this decision before you do, then you must file with the EEOC no later than **30 calendar days** <u>after your representative receives</u> this decision.

If you submit a request for review to the EEOC by regular U.S. mail, the address of the EEOC is:

Office of Federal Operations
Equal Employment Opportunity Commission
P.O. Box 77960
Washington, D.C.  20013

If you submit a request for review to the EEOC via commercial delivery or by a method requiring a signature, it must be addressed to:

Office of Federal Operations
Equal Employment Opportunity Commission
131 M Street, N.E.
Suite 5SW12G
Washington, D.C.  20507

(3) **Judicial review pursuant to the Whistleblower Protection Enhancement Act of 2012**.  This option applies to you only if you have raised claims of reprisal for whistleblowing disclosures under 5 U.S.C. § 2302(b)(8) or other protected activities listed in 5 U.S.C. § 2302(b)(9)(A)(i), (B), (C), or (D).  If so, and your judicial petition for review "raises no challenge to the Board's disposition of allegations of a prohibited personnel practice described in section 2302(b) other than practices described in section 2302(b)(8), or 2302(b)(9)(A)(i), (B), (C), or (D)," then you may file a petition for judicial review either with the U.S. Court of Appeals for the Federal Circuit or any court of appeals of competent jurisdiction.[10]  The court of appeals must receive your petition for review within **60 days** of the date of issuance of this decision.  5 U.S.C. § 7703(b)(1)(B).

If you submit a petition for judicial review to the U.S. Court of Appeals for the Federal Circuit, you must submit your petition to the court at the following address:

U.S. Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, D.C.  20439

---

[10]  The original statutory provision that provided for judicial review of certain whistleblower claims by any court of appeals of competent jurisdiction expired on December 27, 2017.  The All Circuit Review Act, signed into law by the President on July 7, 2018, permanently allows appellants to file petitions for judicial review of MSPB decisions in certain whistleblower reprisal cases with the U.S. Court of Appeals for the Federal Circuit or any other circuit court of appeals of competent jurisdiction. The All Circuit Review Act is retroactive to November 26, 2017.  Pub. L. No. 115-195, 132 Stat. 1510.

Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov. Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, 10, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit. The Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

Contact information for the courts of appeals can be found at their respective websites, which can be accessed through the link below:

http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.

FOR THE BOARD:                    /s/ for

                                  Jennifer Everling
                                  Acting Clerk of the Board

Washington, D.C.